UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| DONALD L. TALLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:05-CV-190 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| ) | |
| KANSAS CITY LIFE INSURANCE CO., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## **M E M O R A N D U M**

Plaintiff Donald L. Talley's ("Plaintiff") claims Defendant Kansas City Life Insurance Company ("Defendant") improperly denied Plaintiff's request for benefits under Defendant's disability policy (the "Policy"). Plaintiff's complaint, originally filed in the Circuit Court for Hamilton County, Tennessee, contains only state law claims for breach of contract, declaratory judgment and bad faith denial of benefits (Court File No. 1, Exh. A, Complaint). On July 8, 2005, Defendant removed the case to federal court, claiming federal question jurisdiction pursuant to 28 U.S.C. §1331 because the plan in question is governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA")(Court File No. 1).

Currently pending before the Court are two motions. First, Defendant filed a Motion to Dismiss for Failure to State a Claim or in the Alternative, Motion for More Definite Statement ("Defendant's motion to dismiss")(Court File No. 9) with supporting memorandum (Court File No. 10); Plaintiff filed a memorandum in response (Court File No. 13). Second, on January 6, 2006,

Plaintiff filed a Motion for Partial Summary Judgment on the Issue of Whether this Case Implicates ERISA ("Plaintiff's motion for partial summary judgment")(Court File No. 23) with supporting memorandum and affidavit (Court File Nos. 24, 25). On that same date, Defendant filed a Memorandum in Support of Position that Policy at Issue is Subject to ERISA (Court File No. 22). On January 20, 2006, the parties filed their responsive briefs (Court File Nos. 26, 27). Counsel for both parties appeared before the court on February 28, 2006 for the purpose of advancing oral arguments in support of their respective positions. Their arguments were consistent with the points raised in their respective briefs and responses and did not raise any additional issues which were not previously outlined in detail in their filings with the Court.

For the following reasons, the Court will **GRANT** Plaintiff's motion for partial summary judgment (Court File No. 23) and will **DENY** Defendant's motion to dismiss (Court File No. 9). Accordingly, the Court will **REMAND** the case back to state court for further proceedings.

## I. STANDARD OF REVIEW

### A. Motion to Dismiss

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure requires the Court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief. *Meador v. Cabinet for Human Resources*, 902 F.2d 474, 475 (6th Cir.), *cert. denied*, 498 U.S. 867 (1990). *See also Cameron v. Seitz*, 38 F.3d 264, 270 (6th Cir. 1994). The Court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir.

1995) (noting courts should not weigh evidence or evaluate the credibility of witnesses); *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). The Court must liberally construe the complaint in favor of the party opposing the motion. *Miller*, 50 F.3d at 377. The complaint, however, must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (citations omitted).

### B. Summary Judgment Motion

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Initially, the burden is on the moving party to conclusively show no genuine issues of material fact exist, *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003), and the Court must view the evidence and draw all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). However, the nonmoving party is not entitled to a trial merely on the basis of allegations, but must come forward with some significant probative evidence to support its claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Id.* at 323, 106 S. Ct. at 2552.

The Court determines whether sufficient evidence has been presented to make the issue of

3

fact a proper jury question, but does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Weaver v. Shadoan*, 340 F.3d 398, 405 (6th Cir. 2003). The standard for summary judgment mirrors the standard for directed verdict. *Anderson*, 477 U.S. at 250, 106 S. Ct. at 2511. The Court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52, 106 S. Ct. at 2512. There must be some probative evidence from which the jury could reasonably find for the nonmoving party. If the Court concludes a fair-minded jury could not return a verdict in favor of the nonmoving party based on the evidence presented, it may enter a summary judgment. *Id.*; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

## II.  RELEVANT FACTS AND SUMMARY OF ARGUMENTS

The disability coverage in this case was pursuant to a policy of insurance issued by Defendant to Lakeside Pharmacy, Inc. ("Lakeside Pharmacy"), a Tennessee corporation co-owned and operated by Plaintiff and his wife.[1] In his complaint, Plaintiff alleges he is due certain disability benefits under the Policy issued by Defendant. Plaintiff's causes of action are entirely based on alleged state law violations, including breach of contract, declaratory judgment and bad faith. Defendant argues under any characterization, Plaintiff's claims are an action to recover disability benefits under an "employee welfare benefit plan," and are governed by ERISA. (Court File No. 10, page 1) Plaintiff argues ERISA does not apply to the Policy because he and his wife were

---

[1]Lakeside Pharmacy is a small business with approximately nine employees, including Plaintiff and his wife.

4

working co-owners of the corporation during the time the Policy was in effect and the Policy never covered any other employees. (Court File No. 24).

## III. DISCUSSION

Defendants argue "Plaintiff's status as a 'co-owner' of Lakeside Pharmacy, Inc. does not alter" the determination of whether the disability insurance coverage at issue was provided pursuant to an "employee welfare benefit plan," as defined by ERISA (Court File No. 10). Defendant cites *Raymond B. Yates, M.D., P.C. Profit Sharing Plan v. Hendon,* 541 U.S. 1 (2004)[2] as support for this argument. In response, Plaintiff points to the same case to argue plans which only cover sole-owners and working spouses fall outside ERISA's domain (Court File Nos. 13, 24).

Further, Plaintiff asserts ERISA does not apply because 29 CFR § 2510.3-3 excludes ERISA's application to the Policy because the Policy is not an "employee benefit plan" as defined by Title I of ERISA (Court File Nos. 24, 26). The Court notes although none of Defendant's filings before the Court directly addresses Plaintiff's argument on this point, Defendant's counsel conceded in his argument the regulation "applies on its face." For the purposes of Title I of ERISA, "the term 'employee benefit plan' shall not include any plan...under which no employees are participants" 29 CFR § 2510.3-3(b). In defining what qualifies as an employee in the determination of whether or not there is an employee benefit plan, 29 CFR § 2510.3-3(c) states:

(c) Employees. For purposes of this section:
    (1) An individual and his or her spouse shall not be deemed to be employees

---

[2]As counsel alluded in their argument, the Court is familiar with *Yates* because it arose before this Court.

5

> with respect to a trade or business, whether incorporated or unincorporated, which is wholly owned by the individual or by the individual and his or her spouse, and
>    (2) A partner in a partnership and his or her spouse shall not be deemed to be employees with respect to the partnership.

Therefore, the Court will discuss the application of the *Yates* decision and 29 CFR § 2510.3-3 (c) to this case.

In *Yates,* the Supreme Court held the working owner of a business (there, the sole shareholder and president of a professional corporation) may qualify as a "participant" in a pension plan covered by ERISA. *Yates,* 541 U.S. at 12-23. If the plan covers one or more employees other than the business owner and his or her spouse, the working owner may participate on equal terms with other plan participants. *Id.* Such a working owner, in common with other employees, qualifies for the protections ERISA affords plan participants and is governed by the rights and remedies ERISA specifies. *Id.*

Further, *Yates* cites the Department of Labor's 1999 advisory opinion interpreting the "Employee benefit plan" regulation 29 C.F.R. 2510.3-3, which states:

> In its regulation at 29 C.F.R. 2510.3-3, the Department clarified that the term 'employee benefit plan' as defined in section 3(3) of Title I does not include a plan the only participants of which are '[a]n individual and his or her spouse ⋯ with respect to a trade of business, whether incorporated or unincorporated, which is wholly owned by the individual or by the individual and his or her spouse' or '[a] partner in a partnership and his or her spouse.' The regulation further specifies, however, that a plan that covers as participants 'one or more common law employees, in addition to the self-employed individuals' will be included in the definition of 'employee benefit plan' under section 3(3). *The conclusion of this opinion, that such 'self-employed individuals' are themselves 'participants' in the covered plan, is fully consistent with that regulation."*

*Id.* at 20 (*quoting* Advisory Opinion 99-04A, at 561, n. 7 (emphasis added in *Yates* opinion)). The Court then concluded 29 C.F.R. 2510.3-3 "addresses only what plans qualify as 'employee benefit plans' under Title I of ERISA." *Id.* at 21. The Court goes on to advise the regulation instructs

"[p]lans that cover only sole owners or partners and their spouses...fall outside Title I of ERISA." *Id.* at 20.

In the case at present, Plaintiff and his wife were the only owners of Lakeside Pharmacy and there were never any other owners of the Pharmacy at the time the Policy was in effect. Plaintiff's Affidavit, Court File No. 25 ("Plaintiff's Aff.") ¶ 4. No other persons associated with Lakeside Pharmacy, employees or otherwise, received any disability insurance through or in connection with Lakeside Pharmacy and Lakeside Pharmacy did not offer any other type of disability benefit to any other person. Plaintiff's Aff. ¶¶ 10, 11. Other benefits offered by the Pharmacy were completely independent of and separate from the disability benefits provided by Defendant to Plaintiff and his wife. Plaintiff's Aff. ¶ 12. Further, the other benefits offered by Lakeside Pharmacy such as life insurance, health insurance and profit sharing were provided through different insurers or companies, not through Defendant. Plaintiff's Aff. ¶ 13. Likewise, such other benefits were obtained or established at different times than the disability benefits from Defendant. Plaintiff's Aff. ¶ 13.

As stated above, "the term 'employee benefit plan' shall not include any plan...under which no employees are participants" 29 CFR § 2510.3-3(b). The Policy only covers Donald Talley and his spouse as co-owners. As such, they do not qualify as "employees" under 29 C.F.R. 2510.3-3. Defendant has failed to show the Court any evidence of the participation of any other employees in the Policy. In light of the oral arguments of the parties and in consideration of the parties' filings with the court, the Court finds the Policy issued to Plaintiff by Defendant did not cover any "employee" as defined by 29 C.F.R. 2510.3-3. As a result, ERISA does not apply to the Policy.

7

## IV. CONCLUSION

For the reasons stated above, the Court will **GRANT** Plaintiff's motion for partial summary judgment on the issue of whether this case implicates ERISA (Court File No. 23) and will **DENY** Defendant's motion to dismiss or, in the alternative, a motion for a more definite statement (Court File No. 9). Since the basis of Defendant's removal (Court File No. 1) was federal question asserting the application of ERISA, Plaintiff's state law claims (Complaint, Court File No. 1, Exhibit A) will be **REMANDED** to the Circuit Court of Hamilton County.

        **/s/**
        **CURTIS L. COLLIER**
        **CHIEF UNITED STATES DISTRICT JUDGE**